**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KURT RAUH, | No. 12-35428 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-00659-HA |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Tim Wilborn, the attorney of record for plaintiff Kurt Rauh and the real-party-in-interest, appeals from the district court's order denying in part his motion for attorney's fees under 42 U.S.C. § 406(b) based on a contingency fee agreement.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc). We reverse and remand.

The district court abused its discretion by reducing Wilborn's attorney's fees to almost half the percentage specified in his fee agreement on the basis of its concern that Wilborn might receive a windfall. Wilborn achieved a favorable result in a case that was riskier than average, the remaining factors supported the fee request, and the fees would not be deducted from the client's benefits award. *See id*. at 1151-53 (reversing reduction of attorney's fees where counsel assumed significant risk in accepting the cases, and no other factors warranted a reduction); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 793, 808 (2002) (courts must respect "the primacy of lawful attorney-client fee agreements," and then reduce fees, if necessary, due to the character of counsel's representation and the results achieved). Moreover, in reasoning that counsel might get a windfall because he did no substantive work after filing the opening brief, the district court may have overlooked his significant work beforehand to obtain a favorable decision.

Therefore, we remand to allow the district court to redetermine a reasonable amount of attorney's fees.

**REVERSED and REMANDED.**